Scott S. Humphreys, Cal. Bar No. 298021
Nahal Zarnighian, Cal. Bar No. 313305
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915
Telephone: 424.204.4400
Facsimile: 424.204.4350
E-mail: humphreyss@ballardspahr.com
E-mail: zarnighiann@ballardspahr.com

*Attorneys for Creditor*
*Federal Deposit Insurance Corporation as Receiver*
*for Nano Banc*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Plaza Continental Group LLC,<br><br>Debtor-in-Possession. | Case No. 8:26-bk-10986-MH<br><br>Chapter 11<br><br>**FDIC-R'S NOTICE OF STATUTORY REQUEST FOR MANDATORY STAY FOR THIRTY DAYS** |

**TO THE HONORABLE COURT, THE DEBTOR, THE UNITED STATES TRUSTEE, AND ALL PARTIES IN INTEREST**

**PLEASE TAKE NOTICE** that the Federal Deposit Insurance Corporation ("FDIC") in its capacity as Receiver for Nano Banc ("FDIC-R") hereby respectfully requests that the Court enter an Order staying this case and all contested matters and adversary proceedings to which Nano Banc is or becomes a party for a period of thirty (30) days from September 29, 2026 through October 29, 2026 pursuant to 12 U.S.C. § 1821(d)(12)(B) ("Upon receipt of a request by any … receiver … for a stay of any judicial action … the court shall grant such stay as to all parties."). The stay is part of the special powers imparted to the FDIC when a bank fails. 12 U.S.C. § 1821(d)(12)(A). Granting of this stay is mandatory for all courts. 12 U.S.C. § 1821(d)(12)(B).[1]

[1]Because a timely request to stay an action is mandatory under 12 U.S.C. § 1821(d)(12)(B), this filing is made as a statutory request rather than a noticed motion under LBR 9013-1.



Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**I. <u>Closure of Nano Banc and Appearance of FDIC-R</u>**

1. On September 25, 2026, the California Department of Financial Protection and Innovation closed Nano Banc and appointed FDIC as Receiver. FDIC accepted the appointment on the same date. *See* Exhibit 1 hereto.

2. By operation of federal law, FDIC-R succeeded to all of Nano Banc's rights, titles, powers, privileges, assets, and liabilities, including Nano Banc's status as a creditor and party in interest in this case. *See* 12 U.S.C. §§ 1821(d)(2)(A) and 1821(d)(2)(B).

3. The FDIC-R filed a Notice of Appearance and Request for Notice in this case on September 29, 2026 [Dkt. 93].

4. On September 29, 2026, the FDIC-R appeared through counsel at the hearings in this case held before the Honorable Mark D. Houle, and orally requested a stay pursuant to 12 U.S.C. § 1821(d)(12).

5. The Court granted the FDIC-R's request and directed the FDIC-R to file written notice of its request by October 2, 2026.

6. The Court continued the hearings, including the Chapter 11 status conference [Dkt. 94] and the hearing on the Debtor's Motion to Approve Stipulation (1) to Transition Receiver Out and Turn Possession and Control of Property Over to the Debtor and (2) for Payment of Adequate Protection Payments Under 11 U.S.C. § 362(d)(3) [Dkt. 82; Dkt. 97], to October 8, 2026 at 11:00 a.m.

7. This notice is filed in compliance with the Court's direction.

**II. <u>FDIC-R's Statutory Right to a Stay of Up to 90 Days</u>**

8. The Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") provides, in pertinent part:

> After appointment of a . . . receiver for an insured depository institution, the . . . receiver may request a stay for a period not to exceed --…(ii) 90 days, in the case of any receiver, in any judicial action or proceeding to which such institution is or becomes a party.

12 U.S.C. §1821(d)(12)(A).

9. Importantly, the express language of 12 U.S.C. § 1821(d)(12) provides that the

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

granting of the stay is mandatory upon the FDIC-R's request. Specifically, 12 U.S.C. §1821(d)(12)(B), which is entitled "Grant of stay by all courts required," goes on to state:

> Upon receipt of a request by any …receiver pursuant to [12 U.S.C. §1821(d)(12)(A)] for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, the Court **shall** grant such stay as to all parties.

(emphasis added); *see also* *Damiano v. FDIC*, 104 F.3d 328, 334 (11th Cir. 1997) (holding that the receiver has "the right . . . to stay a pending action within the first ninety days of being appointed as a receiver" under 12 U.S.C. § 1821(d)(12), and that Section 1821(d)(12) "requires the court to grant such stay."); *Praxis Properties, Inc. v. Colonial Sav. Bank*, 947 F.2d 49, 67 (3d Cir. 1991) ("Congress simply has left no room in section 1821(d)(12)(B) for courts to maneuver and balance [the receiver's] need for a stay against the possibility that delay will result in irreparable harm to the party opposing the stay." Rather, Congress made the stay mandatory to prevent the receiver from "having to expend precious time and resources persuading a court about its need for a stay and refuting the other party's assertions of irreparable injury."); *Nassirpour v. F.D.I.C.*, No. CV08-7164-GHKAJW, 2008 WL 5412432, *2 (C.D. Cal. Dec. 29, 2008) (if a receiver requests a stay within 90 days of its appointment, it is "automatically entitled to such a stay" under 12 U.S.C. Section 1821(d)(12)).

10. Although no showing of good cause or other reason is required in order for the FDIC to obtain this mandatory stay, it should be noted that a stay of this action is particularly appropriate. Specifically, the Congressional intent of the 90-day stay set forth in 12 U.S.C. § 1821(d)(12)(B) was to provide the FDIC with breathing room to familiarize itself with a case as "[t]he appointment of a conservator or receiver can often change the character of litigation; the stay gives the FDIC a chance to analyze the pending matters and decide how best to proceed." H.R. Rep. No. 54(1), 101st Cong., 1st Sess. 331 (1989), reprinted in 1989 U.S. Code Cong. & Admin. News 86, 127.

11. In addition, the FDIC-R has recently taken measures to implement the mandatory administrative claims process established under 12 U.S.C. §§ 1821(d)(3) through (13). As a matter

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

of law, the Debtor and any other claimants may not litigate or otherwise pursue the claims asserted in this case against the FDIC-R unless and until the Debtor and any other claimants have first complied with – and completed – the mandatory administrative claims process. That administrative claims process, set forth in 12 U.S.C. §§ 1821(d)(3) through (13), centralizes the initial consideration and resolution of claims against a failed financial institution by requiring that all claims be submitted to the FDIC-R by a date certain established by the Receiver, *i.e.,* the claims bar date. The FDIC-R then has up to 180 days to review each claim, and grant or deny those claims (in whole or in part), without the delay and expense of litigation. *See* 12 U.S.C. § 1821(d)(5)(A)(i). The FDIC-R will make that request by separate court filing, if and when it becomes necessary.

**III. <u>FDIC-R's Request for an Initial Thirty-Day Stay</u>**

12. Although FDIC-R is entitled under 12 U.S.C. § 1821(d)(12)(A)(ii) to a stay of up to ninety (90) days, in the interest of good faith and to keep this case moving, FDIC-R presently seeks a stay of only thirty (30) days from September 29, 2026 through and including October 29, 2026. FDIC-R expressly reserves its right to request additional time, up to the full ninety (90) days permitted by statute, if necessary, and will make any such request by separate filing.

///

///

///

///

///

///

///

///

///

///

///

///

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**CONCLUSION**

For the foregoing reasons, FDIC-R respectfully requests that the Court enter an order staying this case and all contested matters and adversary proceedings to which Nano Banc is or becomes a party for thirty (30) days through October 29, 2026, without prejudice to FDIC-R's right to request additional time, up to the full ninety (90) days permitted by 12 U.S.C. § 1821(d)(12)(A)(ii). A proposed order is lodged concurrently herewith.

Dated: October 2, 2026

By: */s/ Nahal Zarnighian*

Scott S. Humphreys, Cal. Bar No. 298021
Nahal Zarnighian, Cal. Bar No. 313305
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400
Facsimile: 424.204.4350
E-mail: humphreyss@ballardspahr.com
E-mail: zarnighiann@ballardspahr.com

*Attorneys for Creditor*
*Federal Deposit Insurance Corporation as*
*Receiver for Nano Banc*

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2029 Century Park East, Suite 1400, Los Angeles, CA 90067-2915.

A true and correct copy of the foregoing document entitled (*specify*): **FDIC-R'S NOTICE OF STATUTORY REQUEST FOR MANDATORY STAY FOR THIRTY DAYS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **<u>October 2, 2026</u>**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kyra E Andrassy** kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Jessica L Bagdanov** jbagdanov@bg.law, ecf@bg.law
- **Dora Duru** dora.duru@bclplaw.com, verlisa.lewis@bclplaw.com,dora-duru-0321@ecf.pacerpro.com
- **Amir Gamliel** amir.gamliel@ashurstperkins.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- **Craig S Ganz** ganzc@ballardspahr.com, BKTDocket_West@ballardspahr.com;phxlsateam@ballardspahr.com
- **Steven T Gubner** sgubner@bg.law, ecf@bg.law
- **Ira David Kharasch** ikharasch@pszjlaw.com
- **John A Moe** john.moe@dentons.com, kathryn.howard@dentons.com;derry.kalve@dentons.com;DOCKET.GENERAL.LIT.LOS@dentons.com
- **Stephen M. Mott** smott@raineslaw.com, csantiago@raineslaw.com;bclark@raineslaw.com
- **Michael S Myers** myersm@ballardspahr.com, BKTDocket_West@ballardspahr.com;phxlsateam@ballardspahr.com
- **David M Poitras** dpoitras@bg.law
- **Todd C. Ringstad** becky@ringstadlaw.com, arlene@ringstadlaw.com
- **David James Root** david.root@bclplaw.com, verlisa.lewis@bclplaw.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **Christopher A Ward** cward@lowenstein.com, lsuprum@lowenstein.com
- **Sharon Z. Weiss** sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,sharon-weiss 7104@ecf.pacerpro.com

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On **<u>October 2, 2026</u>**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here

constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Plaza Continental Group LLC VIA U.S. MAIL
6300 Canoga Ave
Woodland Hills, CA 91367

Grobstein Teeple LLP VIA U.S. MAIL
Attn: Howard Grobstein
6300 Canoga Avenue Suite 1500W
Woodland Hills, CA 91367

United States Trustee VIA U.S. MAIL
Attn: Queenie K Ng
411 West Fourth St., Suite 7160
Santa Ana, CA 92701

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 2, 2026 | Eric J. Garcia | /s/ Eric J. Garcia |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |